## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

GO FAN YOURSELF, LLC,         )
         )

         Plaintiff,         )     Hon. _____

         )

         v.         )     Case No.  _____

         )

UV PARTNERS, INC. d/b/a UV ANGEL,    )

         )     **JURY TRIAL DEMANDED**

         Defendant.         )

## COMPLAINT

Plaintiff, Go Fan Yourself, LLC ("Plaintiff" or "GFY") complains of UV Partners, Inc. d/b/a UV Angel ("UV Partners" or "Defendant") as follows:

## NATURE OF THE ACTION

This Complaint asserts a claim for patent infringement that arises under the patent laws of the United States, Title 35 of the United States Code and is brought to stop Defendant's infringement of Plaintiff's United States Patent Nos. 10,221,857 (the "'857 Patent"), 10,316,141 (the "'141 Patent"), 10,670,026 (the "'026" Patent), 11,028,223 (the "'223 Patent"), 11,255,336 (the "'336 Patent") and 11,332,573 (the "'573 Patent") (collectively the "GFY Patents" or the "Patents in Suit").

## THE PARTIES

1.     Plaintiff, Go Fan Yourself, LLC, is a Delaware corporation with its principal place of business at 1032 National Parkway, Schaumburg, Illinois 60173.

2.     Go Fan Yourself, LLC also does business as, and under the tradename, VividAir.

3.     GFY is in the business of designing, developing, manufacturing, marketing, and selling heating, ventilation, air-conditioning, and air purification products and systems ("HVAC").

GFY was founded in 2014 as a small business and has quickly grown into a leading developer and provider of HVAC products and systems.

4.      GFY's claims for patent infringement against UV Partners arise under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281.  This Court has original subject matter jurisdiction under 28 U.S.C. §1331 and 1338(a).

5.      UV Partners is conducting business and infringing the asserted Patents, including the '857, '141, '026, '223, '336, and '573 Patents, in this district and elsewhere in the United States.

6.      Defendant UV Partners, Inc. is a Michigan corporation with its principal place of business at 233 Washington Ave., Suite L1, Grand Haven, Michigan 49417.

7.      UV Partners makes, uses, offers to sell, and sells in this judicial district the UV Angel Clean Air devices accused of infringement of the '857, '141, '026, '223, '336, and '573 Patents.

8.      UV Partners has conducted business in the Western District of Michigan and the State of Michigan. UV Partners has committed acts of patent infringement within Michigan and the Western District of Michigan giving rise to this action.  UV Partners has minimum contacts with the forum such that the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.

9.      This Court has personal jurisdiction over Defendant because it transacts business within this district at least by making, using, offering to sell, and/or selling, the UV Angel Clean Air devices accused infringement to customers in Michigan and in this judicial district.  Defendant has purposefully availed itself of the privileges of conducting business within this judicial district and has established minimum contacts with the State of Michigan to the extent it should reasonably and fairly anticipate being sued in court in Michigan.

10.     UV Angel has a regular and established place of business in this judicial district.

11.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b).

## THE PATENTS IN SUIT

12.     GFY owns and has standing to enforce the '857 Patent, titled "Ceiling Tile with Built-in Air Flow Mechanism," which issued on March 5, 2019.

13.     GFY owns and has standing to enforce the '141 Patent, titled "Ceiling Tile with Built-in Air Flow Mechanism and UV Air Purifying Device," which issued on June 11, 2019.

14.     GFY owns and has standing to enforce the '026 Patent, titled "Ceiling Tile with Built-in Air Flow Mechanism," which issued on June 2, 2020.

15.     GFY owns and has standing to enforce the '223 Patent, titled "Ceiling Tile with Built-in Air Flow Mechanism and UV Air Purifying Device," which issued on June 8, 2021.

16.     GFY owns and has standing to enforce the '336 Patent, titled "Ceiling Tile with Built-in Air Flow Mechanism," which issued on February 22, 2022.

17.     GFY owns and has standing to enforce the '573 Patent, titled "Combination Built-in Air Flow Mechanism," which issued on February 22, 2022.

18.     GFY has marked the patent numbers of the Patents in Suit on certain of its pertinent products and via its website.

19.     The Patents in Suit relate to an air purification system that utilizes UV light to decontaminate air.  The system utilizes a fan and UV light system to clean the air in a room as the air is directed through the UV light source positioned in the air purification system which functions to kill various forms of bacteria, viruses and molds that are contained within the air being treated.

20.  The Patents in Suit address the need to purify air within indoor environments:

The inventions address the need for circulating air within a closed environment such as a school room, a hospital room or an office. The invention provides for a circulating air within that space through a separate virus or bacteria kill chamber.

There is also a need to create what is called a virus or bacteria kill chamber. The kill chamber, or kill zone, must be self-enclosed such that any UV light source does not exit the kill chamber. The present invention operates to function as a separate and supplemental air circulation apparatus separate and apart from the HVAC system that provides the heating and cooling for the specific space.

21.    The Patents in Suit relate to an air purification system that utilizes UV light to decontaminate air.  The system utilizes a fan and UV light system to clean the air in a room as the air is directed through the UV light source positioned in the air purification system which functions to kill various forms of bacteria, viruses and molds -- while protecting the people from the dangers created by the UV light source.  The description of the invention is explained in the Patents in Suit:

The inventions include an air purifying device, comprising: an apparatus having at least one vent; a fan mounted to a housing within the apparatus; a baffle defining at least a first airway between the fan and the vent; and at least a first UV light source mounted in the first airway, wherein the first airway accommodates a UV-reflective material in at least a portion of the first airway; and wherein a first UV-screen is attached to the first airway to block UV light from exiting the airway.

****

The present invention further addresses the need to contain the light emitted from a UV-C light source within the chamber to create the kill zone. An extensive system of barriers is utilized within the kill chamber to create a kill zone while precluding the UV-C light from exiting the kill chamber. The baffles may be coated with a reflective material to enhance the effectiveness of UV-C light within the kill chamber.

22. One of the embodiments of the Patents in Suit is shown in the drawing below:

**Fig. 19**



23.    The embodiment of FIG. 20 shows the baffles and UV light source:



Fig. 20A

24.    The advantages of the irradiation zone of the VividAir inventions are described in

the preferred embodiments:

the advantage of creating a "kill chamber," or "kill zone" inside the airways 2030 and 2031, where UV rays may be deflected within the kill chamber to increase their exposure to air passing through the airways 2030 and 2031, and by extension, increase the irradiation of organic matter contained in the air. Furthermore, in the embodiment of FIGS. 20A and 20B, the baffles 2040, 2042 and 2044 located in airways 1630 and/or 1631 operate to (1) shield UV rays from exiting the airways and entering an environment (such as a room or commercial space) and (2) to increase the intensity the air is exposed to the UV-C light emitted by the UV-C light source 2060, and (3) increase the duration of air flowing through the airway 2030 and 2031 is exposed to the UV-C light. The baffles 2040, 2042 and 2044 operate to extend the time that the air flows along the kill zone thus increasing the number of germs that are killed within the fixture.

25.    FIG. 16B of the VividAir Patents depicts the irradiation zone:



Fig. 16B

26. The benefits of utilizing a UV light to irradiate airborne germs are explained in the

VividAir Patents:

> Embodiments of the invention further include the functionality of irradiating germs out of the air using UV light. Such embodiments provide the advantage of not only circulating air in an environment, but also killing viral, bacterial, and fungal species which may be living in the environment's air. It is known the UV light degrades organic materials, but inorganic materials (including metals or glass) are not affected by UV light. Therefore, UV light is effective for reducing organic matter which may be airborne in the air. Reducing airborne contaminants may be important in any environment, but especially in hospitals or schools, which may be particularly susceptible to disease. Regardless of the environment, disinfecting the air of contaminants is helpful to reduce the spread of disease.

27. Two examples of the claims of the Patents in Suit are set forth below. For

example, claim 14 of the '223 Patent sets forth the benefits of the invention:

> 14. An air purifying device comprising:
>
> a face-plate configured the size of a ceiling tile, wherein the face-plate includes a fan portion and a vent portion;
>
> a cover attached to the face-plate forming an air chamber between the face-plate and the cover;
>
> a fan positioned in the fan portion of the face-plate, wherein said fan directs air through the air chamber to the vent portion;
>
> a UV-C light fixture positioned in the air chamber wherein the UV-C light fixture emits UV light to form a kill zone within the air chamber; and
>
> a baffle positioned in proximity to the kill zone in the air chamber wherein the baffle is configured to direct air to the kill zone and prohibit the UV light from exiting the kill zone.

Likewise, claim 11 of the '141 Patent recites:

> 11. An air purifying device comprising:
>
> a lower baffle configured the size of a ceiling tile, wherein the lower baffle includes a fan portion and a vent portion;
>
> an upper baffle adjacent the lower baffle configured to form an air chamber between the lower baffle and the upper baffle;

a fan positioned in the fan portion of the lower baffle, wherein said fan directs air between the air chamber and the vent portion; and

a UV-C light fixture positioned in the air chamber wherein the UV-C light fixture emits UV light to form a kill zone within the air chamber capable of killing bacteria, viruses or microbes contained in air passing through the kill zone.

### THE UV ANGEL – ANGEL CLEAN AIR PRODUCTS

28.     Defendant advertises and sells the UV Angel Clean Air air purification and disinfection device.

29.     Defendant makes, uses, offers to sell, and sells a line of products called the UV Angel Clean Air Devices (the "UV Angel Clean Air" or the "Accused Devices").



30.     UV Angel sells a series of products under the tradename UV Angel Clean Air™ which utilize treatment technology where air is quietly drawn into a sealed UV-C air chamber with a series of fans and filters.  Air is circulated through the UV-C air chamber where it is treated with an enclosed high-intensity UV-C light to reduce the concentration of bacteria, viruses, and fungi in treated air. Treated air is then returned to the room.

31.     The UV Angel Clean Air product is an air purification and disinfection device that utilizes light-based purification and precision airflow to purify air in an indoor environment.

32.    The UV Angel Clean Air product is installed in the ceiling tile grid of a building and operates to eliminate pathogens from the air in indoor environments including without limitation hospitals, corporate offices, retail locations, restaurants, coffee shops, dental clinics and hotels:



33.    Within the UV Angel Clean Air Device, "air is quietly drawn into a sealed UV-C air chamber with a series of fans and filters." (https://uvangel.com/air-series/).  "Air is circulated through the UV-C air chamber where it is treated with an enclosed high-intensity UV-C light to reduce the concentration of bacteria, viruses, and fungi in treated air." (Id.).



The sealed chamber allows people to be safely protected while the high intensity UV-C inside is neutralizing Viruses, Bacteria, and Fungi (Mold)

34.    The UV Angel Clean Air device includes a fan system to circulate air through the fixture:





35.    The UV Angel Clean Air device utilizes a UV-C light fixture to form a kill zone within the chamber:



36.    Within the UV Angel Clean Air device, "Air is circulated through the UV-C air chamber where it is treated with an enclosed high-intensity UV-C light to inactivate bacteria, fungus and viruses in the air." (https://uvangel.com/air-series/).



37.    The UV Angel Clean Air's in-ceiling applications, which work independently of an HVAC system, allow treated air to be dispersed precisely where desired.

38.    On February 5, 2024, GFY sent a letter via email and Federal Express mail to Tom Byrne, UV Partners' Chief Executive Officer, accusing the UV Angel Clean Air devices of infringing certain claims of the Patents in Suit.  In its letter, GFY included claim charts detailing the infringement of the '141, '026, '223, and '336 Patents by the UV Angel Clean Air products, as well as copies of the '141, '026, '223, and '336 Patents.  The claim charts accused the UV Angel Clean Air products of infringing claim 11 of the '141 patent, claim 1 of the '026 patent, claim 14 of the '223 patent, and claim 1 of the '336 patent.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 10,316,141

39.    GFY incorporates all prior allegations as if set forth fully herein.

40.    This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271, et seq.

41.    GFY is the owner of all right, title, and interest in the '141 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.

42.    The '141 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

43.    Defendant makes, uses, offers to sell, and sells a line of products called the UV Angel Clean Air.

44.    Defendant has directly infringed and continues to directly infringe one or more claims of the '141 patent in this judicial district and elsewhere in Michigan and the United States, including at least claims 1, 3 and 11-13 without the consent or authorization of GFY, at least by or through its making, having made, offering for sale, selling and/or using the UV Angel Clean Air.

45.    Claim 11 of the '141 patent recites:

An air purifying device comprising:

a lower baffle configured the size of a ceiling tile, wherein the lower baffle includes a fan portion and a vent portion;

an upper baffle adjacent the lower baffle configured to form an air chamber between the lower baffle and the upper baffle;

a fan positioned in the fan portion of the lower baffle, wherein said fan directs air between the air chamber and the vent portion; and

a UV-C light fixture positioned in the air chamber wherein the UV-C light fixture emits UV light to form a kill zone within the air chamber capable of killing bacteria, viruses or microbes contained in air passing through the kill zone.

46. The UV Angel Clean Air is an air purifying device.

47. The UV Angel Clean Air has a lower baffle configured the size of a ceiling tile, wherein the lower baffle includes a fan portion and a vent portion. "Designed directly into a traditional ceiling light fixture, UV Angel Clean Air™ is an unobtrusive environmental treatment system that uses ultraviolet light to automatically and continually treat the air."



48. The UV Angel Clean Air includes a fan and a vent as part of the lower baffle:



49.     The UV Angel Clean Air has an upper baffle adjacent to the lower baffle configured to form an air chamber between the lower baffle and the upper baffle.

50.     The UV Angel Clean Air includes an air chamber between the lower baffle and the upper baffle:





51.    The UV Angel Clean Air has a fan positioned in the fan portion of the lower baffle, wherein said fan directs air between the air chamber and the vent portion.

52.    The UV Angel Clean Air includes a fan positioned in the fan portion of the lower baffle to direct air between the air chamber and the vent portion:





53.     The UV Angel Clean Air has a UV-C light fixture positioned in the air chamber wherein the UV-C light fixture emits UV light to form a kill zone within the air chamber capable of killing bacteria, viruses or microbes contained in air passing through the kill zone.



54. The UVC kill zone of the UV Angel Clean Air is shown below:



55.    The UV light of the UV Angel Clean Air operates to kill bacteria, viruses or microbes contained in the passing air:



56.    The UV Angel Clean Air satisfies each and every element of at least claims 1, 3 and 11-13 of the '141 Patent.

57.     GFY has complied with the notice provisions of 35 U.S.C. § 287.  Defendant has had notice of the '141 Patent and knowledge of its infringement thereof since at least February 5, 2024.

58.     Defendant has been aware of the '141 Patent and its infringement thereof, yet it has continued its unlicensed and unauthorized infringement with no regard to the '141 Patent or GFY's rights under the '141 Patent.

59.     GFY has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is liable to GFY in an amount that adequately compensates it for Defendant's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court, under 35 U.S.C. § 284.

60.     Defendant has committed direct infringement as alleged in Count I at least through the making, use, sale, and/or offer for sale of the infringing UV Angel Clean Air products.

61.     Defendant has induced infringement as alleged in Count I at least through inducing the use of the infringing UV Angel Clean Air products by at least UV Partners and/or UV Partners' customers.

62.     Defendant's infringement of the '141 Patent has been willful, deliberate, and objectively reckless.

63.     Defendant's actions complained of herein will continue unless they are enjoined by this Court.

64.     Defendant's infringement of the '141 patent has been such that it merits an award of enhanced damages under 35 U.S.C. § 284. Defendant has engaged in infringement of GFY's patented technology. Defendant has continued to infringe the '141 Patent despite an objectively high likelihood that its actions constitute infringement of the '141 Patent and a subjective knowledge or obviousness of such risk.

65.    This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 10,670,026**

66.    GFY incorporates all prior allegations as if set forth fully herein.

67.    This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271, et seq.

68.    GFY is the owner of all right, title, and interest in the '026 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.

69.    The '026 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

70.    Defendant makes, uses, offers to sell, and sells a line of products called the UV Angel Clean Air.

71.    Defendant has directly infringed and continues to directly infringe one or more claims of the '026 patent in this judicial district and elsewhere in Michigan and the United States, including at least claims 1, 2, 7-16 without the consent or authorization of GFY, at least by or through its making, having made, offering for sale, selling and/or using the UV Angel Clean Air.

72.    Claim 1 of the '026 patent recites:

An air circulation device, comprising:

     a housing configured in the shape of a housing ceiling tile;

     a first fan mounted to the housing;

     a first vent in the housing;

     a baffle, mounted to the housing, and defining at least a first airway between the fan and the first vent;

     a UV kill chamber mounted in the first airway; and

     the UV kill chamber includes a UV light source and a UV-shield adapted to block UV light generated by the UV light source from exiting the first airway.

73.    The UV Angel Clean Air is an air circulation device.

74.    The UV Angel Clean Air has a housing configured in the shape of a housing ceiling tile.



75.    The UV Angel Clean Air has a baffle, mounted to the housing, and defining at least a first airway between the fan and the first vent.



76.    The UV Angel Clean Air has a UV kill chamber mounted in the first airway.

77.    The UV Angel Clean Air has a UV kill chamber which includes a UV light source and a UV-shield adapted to block UV light generated by the UV light source from exiting the first airway.



78.    UV Angel Clean Air satisfies each and every element of claims 1, 2, 7-16 of the '026 Patent.

79.    GFY has complied with the notice provisions of 35 U.S.C. § 287.  Defendant has had notice of the '026 Patent and knowledge of its infringement thereof since at least February 5, 2024, the date it received the letter from GFY.

80.    Defendant has been aware of the '026 Patent and its infringement thereof, yet has continued its unlicensed and unauthorized infringement with no regard to the '026 Patent or GFY's rights under the '026 Patent.

81.    GFY has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is liable to GFY in an amount that adequately compensates it for Defendant's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court, under 35 U.S.C. § 284.

82.     Defendant has committed direct infringement as alleged in Count II at least through the making, use, sale, and/or offer for sale of the infringing UV Angel Clean Air products.

83.     Defendant has induced infringement as alleged in Count II at least through inducing the use of the infringing UV Angel Clean Air products by at least UV Partners and/or UV Partners customers.

84.     Defendant's infringement of the '026 Patent has been willful, deliberate, and objectively reckless.

85.     Defendant's actions complained of herein will continue unless they are enjoined by this Court.

86.     Defendant's infringement of the '026 patent has been such that it merits an award of enhanced damages under 35 U.S.C. § 284. Defendant has engaged in infringement of GFY's patented technology. Defendant has continued to infringe the '026 Patent despite an objectively high likelihood that its actions constitute infringement of the '026 Patent and a subjective knowledge or obviousness of such risk.

87.      This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

**<u>COUNT III – INFRINGEMENT OF UNITED STATES PATENT NO. 11,028,223</u>**

88.      GFY incorporates all prior allegations as if set forth fully herein.

89.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271, et seq.

90.     GFY is the owner of all right, title, and interest in the '223 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.

91.     The '223 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

92.     Defendant makes, uses, offers to sell, and sells a line of products called the UV Angel Clean Air.

93.     Defendant has directly infringed and continues to directly infringe one or more claims of the '223 patent in this judicial district and elsewhere in Michigan and the United States, including at least claims 1-7 and 14-17 without the consent or authorization of GFY, at least by or through its making, having made, offering for sale, selling and/or using the UV Angel Clean Air.

94.     Claim 14 of the '223 patent recites:

An air purifying device comprising:

a face-plate configured the size of a ceiling tile, wherein the face-plate includes a fan portion and a vent portion;

a cover attached to the face-plate forming an air chamber between the face-plate and the cover;

a fan positioned in the fan portion of the face-plate, wherein said fan directs air through the air chamber to the vent portion;

a UV-C light fixture positioned in the air chamber wherein the UV-C light fixture emits UV light to form a kill zone within the air chamber; and

a baffle positioned in proximity to the kill zone in the air chamber wherein the baffle is configured to direct air to the kill zone and prohibit the UV light from exiting the kill zone.

95.     The UV Angel Clean Air is an air purifying device.

96.     The UV Angel Clean Air has a face-plate configured the size of a ceiling tile, wherein the face-plate includes a fan portion and a vent portion.



97.    The UV Angel Clean Air has a cover attached to the face-plate forming an air chamber between the face-plate and the cover.

98.    The UV Angel Clean Air has a fan positioned in the fan portion of the face-plate, wherein said fan directs air through the air chamber to the vent portion.



99.    The UV Angel Clean Air has a UV-C light fixture positioned in the air chamber wherein the UV-C light fixture emits UV light to form a kill zone within the air chamber.



100.    The UV Angel Clean Air has a baffle positioned in proximity to the kill zone in the air chamber wherein the baffle is configured to direct air to the kill zone and prohibit the UV light from exiting the kill zone: "The sealed chamber allows people to be safely protected while the high intensity UV-C inside is neutralizing Viruses, Bacteria, and Fungi (Mold)."

101.    The UV Angel Clean Air satisfies each and every element of at least claims 1-7, 10-11 and 14-17 of the '223 Patent.

102.    GFY has complied with the notice provisions of 35 U.S.C. § 287.  Defendant has had notice of the '223 Patent and knowledge of its infringement thereof since at least February 5, 2024.

103.    Defendant has been aware of the '223 Patent and its infringement thereof, yet has continued its unlicensed and unauthorized infringement with no regard to the '223 Patent or GFY's rights under the '223 Patent.

104.    GFY has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is liable to GFY in an amount that adequately compensates it for

Defendant's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court, under 35 U.S.C. § 284.

105.    Defendant has committed direct infringement as alleged in Count III at least through the making, use, sale, and/or offer for sale of the infringing UV Angel Clean Air products.

106.    Defendant has induced infringement as alleged in Count III at least through inducing the use of the infringing UV Angel Clean Air products by at least UV Partners and/or UV Partners customers.

107.    Defendant's infringement of the '223 Patent has been willful, deliberate, and objectively reckless.

108.    Defendant's actions complained of herein will continue unless they are enjoined by this Court.

109.    Defendant's infringement of the '223 patent has been such that it merits an award of enhanced damages under 35 U.S.C. § 284. Defendant has engaged in infringement of GFY's patented technology. Defendant has continued to infringe the '223 Patent despite an objectively high likelihood that its actions constitute infringement of the '223 Patent and a subjective knowledge or obviousness of such risk.

110.    This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

## COUNT IV – INFRINGEMENT OF UNITED STATES PATENT NO. 11,255,336

111.    GFY incorporates all prior allegations as if set forth fully herein.

112.    This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271, et seq.

113.    GFY is the owner of all right, title, and interest in the '336 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.

114.    The '336 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

115.    Defendant makes, uses, offers to sell, and sells a line of products called the UV Angel Clean Air.

116.    Defendant has directly infringed and continues to directly infringe one or more claims of the ''336 patent in this judicial district and elsewhere in Michigan and the United States, including at least claims 1-2, 7, 10-16 without the consent or authorization of GFY, at least by or through its making, having made, offering for sale, selling and/or using the UV Angel Clean Air.

117.    Claim 1 of the '336 patent recites:

An air circulation device, comprising:

a housing configured to be joined to a structure of a building;

a first fan mounted to the housing;

a first vent in the housing;

a baffle, mounted to the housing, and defining at least a first airway between the fan and the first vent;

a UV kill chamber mounted in the first airway; and

the UV kill chamber includes a UV light source and a UV-shield adapted to block UV light generated by the UV light source from exiting the first airway.

118.    The UV Angel Clean Air is an air circulation device.

119.    The UV Angel Clean Air has a housing configured to be joined to a structure of a building.

120.    The UV Angel Clean Air has a first fan mounted to the housing.

121.    The UV Angel Clean Air has a first vent in the housing.



122.    The UV Angel Clean Air has a baffle, mounted to the housing, and defining at least a first airway between the fan and the first vent.



123.    The UV Angel Clean Air has a UV kill chamber mounted in the first airway.



124.    The UV Angel Clean Air has a UV kill chamber which includes a UV light source and a UV-shield adapted to block UV light generated by the UV light source from exiting the first airway: "The enclosed system integrates a sealed UV-C air treatment chamber into existing or new construction in-ceiling applications including high efficiency lighting and visually aesthetic options."

125.    The UV Angel Clean Air satisfies each and every element of claims 1-2, 7, 10-16 of the '336 Patent.

126.    GFY has complied with the notice provisions of 35 U.S.C. § 287.  Defendant has had notice of the '336 Patent and knowledge of its infringement thereof since at least February 5, 2024.

127.    Defendant has been aware of the '336 Patent and its infringement thereof, yet has continued its unlicensed and unauthorized infringement with no regard to the '336 Patent or GFY's rights under the '336 Patent.

128.    GFY has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is liable to GFY in an amount that adequately compensates it for Defendant's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court, under 35 U.S.C. § 284.

129.    Defendant has committed direct infringement as alleged in Count IV at least through the making, use, sale, and/or offer for sale of the infringing UV Angel Clean Air products.

130.    Defendant has induced infringement as alleged in Count IV at least through inducing the use of the infringing UV Angel Clean Air products by at least UV Partners and/or UV Partners customers.

131.    Defendant's infringement of the '336 Patent has been willful, deliberate, and objectively reckless.

132.    Defendant's actions complained of herein will continue unless they are enjoined by this Court.

133.    Defendant's infringement of the '336 patent has been such that it merits an award of enhanced damages under 35 U.S.C. § 284. Defendant has engaged in infringement of GFY's patented technology. Defendant has continued to infringe the '336 Patent despite an objectively high likelihood that its actions constitute infringement of the '336 Patent and a subjective knowledge or obviousness of such risk.

134.    This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

### COUNT V – INFRINGEMENT OF U.S. PATENT NO. 10,221,857

135.    GFY incorporates all prior allegations as if set forth fully herein.

136.    This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271, et seq.

137.    GFY is the owner of all right, title, and interest in the '857 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.

138.    The '857 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

139.   Defendant makes, uses, offers to sell, and sells a line of products called the UV Angel Clean Air.

140.   Defendant has directly infringed and continues to directly infringe one or more claims of the '857 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 10 without the consent or authorization of GFY, at least by or through its making, having made, offering for sale, selling and/or using the UV Angel Clean Air.

141.   Claim 10 of the '857 patent recites:

An air purifying device, comprising:

a ceiling tile having at least one vent;

a fan mounted to the ceiling tile;

a baffle defining at least a first airway between the fan and the vent; and

at least a first UV light source mounted in the first airway, wherein the first airway accommodates a UV-reflective material in at least a portion of the first airway; and wherein a first UV-screen is attached to the first airway to block UV light from exiting the airway.

142.   The UV Angel Clean Air is an air purifying device.

143.   The UV Angel Clean Air is designed to fit into a standard dropped ceiling grid.

144.   The UV Angel Clean Air has a housing configured to fit within a ceiling tile: "Designed directly into a traditional ceiling light fixture, UV Angel Clean Air$^{TM}$ is an unobtrusive environmental treatment system that uses ultraviolet light to treat the air."

145.   The UV Angel Clean Air has a ceiling tile having at least one vent and a fan mounted to the ceiling tile: "Using patented UV-C treatment technology, air is quietly drawn into a sealed UV-C air chamber with a series of fans and filters… Treated air is then returned to the room."

146.    The UV Angel Clean Air has a baffle defining a first airway between the fan and the vent.

147.    The UV Angel Clean Air includes at least a first UV light source mounted in the first airway, wherein the first airway accommodates a UV-reflective material in at least a portion for the first airway; and wherein a first UV-screen is attached to the first airway to block UV light from exiting the airway.

148.    The UV Angel Clean Air satisfies each and every element of at least claim 10 of the '857 Patent.

149.    GFY has complied with the notice provisions of 35 U.S.C. § 287.

150.    Defendant has been aware of the '857 Patent and its infringement thereof, yet has continued its unlicensed and unauthorized infringement with no regard to the '857 Patent or GFY's rights under the '857 Patent.

151.    GFY has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is liable to GFY in an amount that adequately compensates it for Defendant's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court, under 35 U.S.C. § 284.

152.    Defendant has committed direct infringement as alleged in Count V at least through the making, use, sale, and/or offer for sale of the infringing UV Angel Clean Air products.

153.    Defendant has induced infringement as alleged in Count V at least through inducing the use of the infringing UV Angel Clean Air products by at least UV Angel and/or UV Angel customers.

154.    Defendant's infringement of the '857 Patent has been willful, deliberate, and objectively reckless.

155.    Defendant's actions complained of herein will continue unless they are enjoined by this Court.

156.    Defendant's infringement of the '857 patent has been such that it merits an award of enhanced damages under 35 U.S.C. § 284. Defendant has engaged in infringement of GFY's patented technology. Defendant has continued to infringe the '857 Patent despite an objectively high likelihood that its actions constitute infringement of the '857 Patent and a subjective knowledge or obviousness of such risk.

157.    This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

### COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 11,332,573

158.    GFY incorporates all prior allegations as if set forth fully herein.

159.    This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271, et seq.

160.    GFY is the owner of all right, title, and interest in the '573 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.

161.    The '573 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

162.    Defendant makes, uses, offers to sell, and sells a line of products called the UV Angel Clean Air.

163.    Defendant has directly infringed and continues to directly infringe one or more claims of the '573 patent in this judicial district and elsewhere in Michigan and the United States, including at least claims 1-2 and 13, and 14-19 without the consent or authorization of GFY, at least by or through its making, having made, offering for sale, selling and/or using the UV Angel Clean Air.

164.    Claim 13 of the '573 patent recites:

An air purifying device comprising:

a recessed fixture configured to fit into a ceiling wherein the recessed fixture includes a housing portion, a fan portion and a vent portion; wherein the housing portion of the recessed fixture including an upper baffle and a lower baffle, the upper baffle and lower baffle form a UV-C kill chamber;

a fan positioned in the fan portion of the recessed fixture, wherein said fan directs air into a fan chamber, UV-C kill chamber and through the vent portion;

a UV-C light fixture positioned within the UV-C kill chamber wherein the UV-C light fixture emits light in the spectrum to kill viruses within the UV-C kill chamber; and

a light protection plate positioned in proximity to an exit of the kill chamber at the vent to prohibit the UV light emitted from the UV-C light source from exiting the kill chamber.

165.    The UV Angel Clean Air is an air purifying device.

166.    The UV Angel Clean Air is designed to fit into a ceiling.

167.    The UV Angle includes a recessed fixture configured to fit into a ceiling.

168.    The UV Angel Clean Air has a recessed fixture that includes a housing portion, a fan portion and a vent portion.

169.    The UV Angel Clean Air has housing portion, wherein the housing portion of the recessed fixture includes an upper baffle and a lower baffle.

170.    The UV Angle Clean has an upper baffle and a lower baffle that form a UV-C kill chamber.

171.    The UV Angel Clean Air includes a fan positioned in the fan portion of the recessed fixture, wherein said fan directs air into a fan chamber, UV-C kill chamber and through the vent portion.

172.    The UV Angel Clean Air includes a UV-C light fixture positioned within the UV-C kill chamber wherein the UV-C light fixture emits light in the spectrum to kill viruses within the UV-C kill chamber.

173.    The UV Angel Clean Air has a light protection plate positioned in proximity to an exit of the kill chamber at the vent to prohibit the UV light emitted from the UV-C light source from exiting the kill chamber.

174.    The UV Angel Clean Air satisfies each and every element of at least claims 1-2 and 13, and 14-19 of the '573 Patent.

175.    GFY has complied with the notice provisions of 35 U.S.C. § 287.

176.    Defendant has been aware of the '573 Patent and its infringement thereof, yet has continued its unlicensed and unauthorized infringement with no regard to the '573 Patent or GFY's rights under the '573 Patent.

177.    GFY has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is liable to GFY in an amount that adequately compensates it for Defendant's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court, under 35 U.S.C. § 284.

178.    Defendant has committed direct infringement as alleged in Count VI at least through the making, use, sale, and/or offer for sale of the infringing UV Angel Clean Air products.

179.    Defendant has induced infringement as alleged in Count VI at least through inducing the use of the infringing UV Angel Clean Air products by at least UV Partners and/or UV Partners customers.

180.    Defendant's infringement of the '573 Patent has been willful, deliberate, and objectively reckless.

181.    Defendant's actions complained of herein will continue unless they are enjoined by this Court.

182.    Defendant's infringement of the '573 patent has been such that it merits an award of enhanced damages under 35 U.S.C. § 284. Defendant has engaged in infringement of GFY's

patented technology. Defendant has continued to infringe the '573 Patent despite an objectively high likelihood that its actions constitute infringement of the '573 Patent and a subjective knowledge or obviousness of such risk.

183.    This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, Go Fan Yourself LLC, requests that this Court find in its favor and against Defendant, UV Partners, Inc., and grant Plaintiff the following relief:

A.    That Judgment be entered that Defendant has infringed each of the claims asserted at trial of the '857, '141, '026, '223, '336 and '573 Patents, literally or under the doctrine of equivalents;

B.    A judgment that the '857, '141, '026, '223, '336 and '573 Patents are valid and enforceable.

C.    That, in accordance with 35 U.S.C. § 283, Defendant and all affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them, be preliminarily and permanently enjoined from (1) infringing and/or inducing infringement of the GFY Patents and (2) making, using, selling, and offering for sale the UV Angel Clean Air;

D.    An award of damages, sufficient to compensate Plaintiff for Defendant's infringement under 35 U.S.C. § 284, including an award of enhanced damages up to three times the amount found or assessed.

E.    That the case be found exceptional under 35 U.S.C. § 285 and that Plaintiff be awarded its attorneys' fees;

F.    Costs and expenses in this action;

G.    An award of prejudgment and post-judgment interest; and

H.    Such other and further relief as the Court may deem just and proper.


Dated: June 10, 2025                     Respectfully submitted,

                                         */s/     Justin M. Wolber*
                                         Adam J. Brody (P62035)
                                         Justin M. Wolber (P85728)
                                         VARNUM LLP
                                         Bridgewater Place, P.O. Box 352
                                         Grand Rapids, MI 49501-0352
                                         (616) 336-6000
                                         ajbrody@varnumlaw.com
                                         jmwolber@varnumlaw.com

                                         Paul K. Vickrey (*Application for Admission
                                         Pending*)
                                         *Attorney in Charge*
                                         Patrick F. Solon (Ill. Bar No. 6205890)
                                         Nicholas D. Niro (Ill. Bar No. 6345897)
                                         Vitale, Vickrey, Niro, Solon & Gasey LLP
                                         311 S. Wacker Drive, Suite 2200
                                         Chicago, IL 60606
                                         (312) 236-0733
                                         (312) 236-3137 Facsimile
                                         vickrey@vvnlaw.com
                                         solon@vvnlaw.com
                                         nniro@vvnlaw.com

                                         ***Attorneys for Plaintiff Go Fan Yourself, LLC***

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Dated: June 10, 2025

Respectfully submitted,

/s/    *Justin M. Wolber*
Adam J. Brody (P62035)
Justin M. Wolber (P85728)
Varnum LLP
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
ajbrody@varnumlaw.com
jmwolber@varnumlaw.com

Paul K. Vickrey (*Application for Admission Pending*)
*Attorney in Charge*
Patrick F. Solon (Ill. Bar No. 6205890)
Nicholas D. Niro (Ill. Bar No. 6345897)
Vitale, Vickrey, Niro, Solon & Gasey LLP
311 S. Wacker Drive, Suite 2200
Chicago, IL 60606
(312) 236-0733
(312) 236-3137 Facsimile
vickrey@vvnlaw.com
solon@vvnlaw.com
nniro@vvnlaw.com


*Attorneys for Plaintiff Go Fan Yourself, LLC*